```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION


ANNA BOURKE, individually and as    )
personal representative of the      )
Estate of Richard Bourke,           )
                                    )
     Plaintiff,                     )
                                    )
vs.                                 )     NO. 2:03-CV-136
                                    )
FORD MOTOR COMPANY,                 )
                                    )
     Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Seat Belt Use or Non-Use, filed on June 30, 2005. For the reasons set forth below, this motion is **GRANTED**. To the extent Plaintiff presents evidence at trial as to one and only one defect – that the Ford Explorer had inadequate roll-over resistance in that it was unreasonably unstable and prone to roll over in foreseeable circumstances:

> (1) Counsel is hereby precluded from referring to, interrogating witnesses concerning, or attempting to offer into evidence, any facts or inferences which suggest that Richard Bourke or Anna Bourke were or were not wearing their seatbelts at the time of the accident that is the subject of this case; and

    (2)    Counsel is further directed that they must seek leave of Court outside the presence or the hearing of the jury prior to any attempt to offer into evidence any matters concerning seatbelt usage or evidence calculated to lead to the inference that Richard Bourke or Anna Bourke were or were not wearing their seatbelts at the time of the accident that is the subject of this case.

BACKGROUND

According to the complaint, on August 22, 2001, Richard Bourke was driving his 2000 Ford Explorer westbound on Interstate 80/90 in Porter County, Indiana, while his wife, Anna Bourke, sat in the front passenger seat. Allegedly, while traveling westbound Bourke's vehicle drifted off the left side of the road and Bourke attempted to steer the vehicle back onto the road; however, the vehicle ultimately rolled over and he was ejected from the vehicle and died.

Plaintiff, Anna Bourke, individually and on behalf of her husband's estate, commenced this product liability case against Ford, sounding in both negligence and strict liability. At trial, the Defendant intends to offer evidence of Mr. Bourke's non-use of a seatbelt into evidence in support of its misuse defense, and also to attempt to show his failure to use a seatbelt, not any alleged defect, was the proximate cause of his death. Plaintiff has filed the instant motion requesting that this Court exclude evidence of her and Mr.

Bourke's seatbelt use or non-use. Notably, Plaintiff sets forth that, "[a]ssuming that this motion is allowed, Plaintiff intends to present evidence at trial as to one and only one defect theory – that the Ford Explorer had inadequate roll-over resistance, that is, that it was unreasonably unstable and prone to roll over in foreseeable circumstances, such as the accident in which Bourke was killed." (Pl.'s Mem., p. 3.)

DISCUSSION

This Court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine. *Falk v. Kimberly Servs., Inc.*, 1997 WL 201568, *1 (N.D. Ill. 1997). Denial of a motion in limine does not automatically mean that all evidence contemplated by the motion will be admitted at trial. *Hawthorne Partners v. AT&T Techs. Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill 1993). Likewise, the granting of a motion in limine does not automatically mean that all evidence contemplated by the motion will be rejected at trial. Instead, the Court will entertain objections to individual proffers as they occur at trial. *Id.* In any event, this Court is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). With these principles in mind, this Court turns to the present motion.

Plaintiff has brought the instant motion claiming the admission of her and her late husband's use or non-use of a seatbelt in this

case is precluded by the framework adopted by the Indiana legislature. The Indiana legislature has adopted a legislative framework that requires front seat occupants to be seat-belted.  Section 9-19-10-2 of the Indiana Code ("Seatbelt Law") provides:

> Each front seat occupant of a passenger motor vehicle that is equipped with a safety belt . . . shall have a safety belt properly fastened about the occupant's body at all times when the vehicle is in forward motion.

However, as Plaintiff correctly notes, the legislature generally prohibits evidence of a failure to comply with the Seatbelt Law to be admitted in a civil action to either prove fault or to mitigate damages.  Specifically, Indiana Code section 9-19-10-7 provides:

> (a)  Failure to comply with section 1, 2, 3, or 4 of this chapter does not constitute fault under IC 34-51-2 and does not limit the liability of an insurer.
> (b)  Except as provided in subsection (c), evidence of the failure to comply with section 1, 2, 3, or 4 of this chapter may not be admitted in a civil action to mitigate damages.
> (c)  Evidence of a failure to comply with this chapter may be admitted in a civil action as to mitigation of damages in a product liability action involving a motor vehicle restraint or supplemental restraint system.  The defendant in such an action has the burden of proving noncompliance with this chapter and that compliance with this chapter would have reduced injuries, and the extent of the reduction.

Simply put, unless a plaintiff brings a product liability action involving a motor vehicle restraint or supplemental restraint system, a party's noncompliance with Indiana's Seatbelt Law would be inadmissible to prove fault or mitigate damages.  Here, Plaintiff

intends to present a product liability theory that involves only the rollover resistance of the Ford Explorer, not the restraint or supplemental restraint system. Thus, under the clear dictates of the statute, evidence of the Bourkes' use and/or non-use of a seatbelt would be inadmissible to prove fault or to mitigate damages. Defendant argues that the phrase "evidence of a failure to comply with this chapter may be admitted in civil actions as to mitigation of product liability action involving a motor vehicle restraint or supplemental restraint system," does not mean evidence of seatbelt non-use to prove fault or to mitigate damages can only be used in product liability actions "involving a motor vehicle restraint or supplemental restraint system." However, a plain reading of the statute leads this Court to precisely that conclusion.

With the aforementioned principles in mind, this Court must determine whether Defendant has offered a legitimate reason to admit Mr. Bourke's alleged noncompliance with Indiana's Seatbelt Law. Defendant first asserts that evidence of Bourke's seatbelt non-use is admissible to disprove proximate causation. Specifically, Defendant wants to introduce evidence that Mr. Bourke did not have a seatbelt on and his non-use of the seatbelt was the proximate cause of his death, not the alleged design defect. In support of this position, Defendant cites two Seventh Circuit opinions:  (1) *DePaepe v. General Motors Corp.*, 333 F.3d 737 (7th Cir. 1994); and, (2) *Barron v. Ford Motor Co. of Canada, Ltd.*, 965 F.2d 195 (7th Cir. 1992).  However,

neither of these cases are persuasive.

In *DePaepe*, the plaintiff was involved in an automobile accident and brought a products liability claim against GMC. The plaintiff offered evidence that his injuries were caused when his head made contact with an allegedly defective visor/header system around the windshield. The plaintiff argued that the header should have been designed with a smooth surface, instead of a box-like rectangular design, so that in an accident, an occupant's head would glide past the header into the windshield. The trial court admitted the plaintiff's non-use of a seatbelt for the limited purpose of determining whether the overall design of the vehicle was reasonably crashworthy. *DePaepe*, 333 F.3d at 745. Basically, GMC was allowed to show that its design of the sun visor/header was not unreasonably dangerous because the vehicle was also equipped with a functional restraint system that would prevent an occupant from striking those components in an accident. *Id.* at 746.

In *Barron*, the plaintiff brought a products liability action against Ford regarding Ford's use of tempered, rather than laminated, glass in a sun roof, which, according to the plaintiff, caused her to be thrown through the sun roof in a roll-over accident. The court admitted the evidence that the Ford vehicle was equipped with a functional restraint system. In affirming that decision, the appellate court noted "Ford's point was merely that the provision of seatbelts was a part of the automobile's overall restraint system, so

-6-

that the reasonableness of making the sun roof of tempered, rather than laminated, glass was a function in part of the other steps Ford had taken to prevent occupants from being flung out." *Barron*, 965 F.2d at 198.

In both of the above-cited cases, the trial court allowed seatbelt evidence to be admitted for the limited purpose of showing a vehicle's overall crashworthiness. In a crashworthiness type case, such as that involved in both *DePaepe* and *Barron*, a manufacturer may be liable for injuries sustained in an accident where a manufacturing or design defect, although not the cause of the accident, caused or enhanced a plaintiff's injuries. *Miller v. Todd*, 551 N.E.2d 1139, 1140 (Ind. 1990). The instant case is not one involving a vehicle's overall crashworthiness. In stark contrast, the Plaintiff is alleging only that the Ford Explorer lacked adequate roll-over resistance due to a defective design, which caused the accident. Consequently, unlike the situation in *DePaepe* and *Barron*, any evidence of Bourke's use or non-use of a seatbelt would have no bearing on Plaintiff's design defect allegations. Rather, such evidence would be used in an attempt to show Bourke's own negligence in causing his injuries. Such a use of seatbelt evidence runs afoul of Indiana Code section 9-19-10-7(c).

While this Court acknowledges Defendant's contention that causation is an essential element of a negligence-based product liability claim, proximate cause can be established without referring

-7-

to whether Bourke was or was not wearing his seatbelt at the time of the accident. In Indiana, proximate cause of an injury is not merely the direct or close cause; rather, it is the negligent act that resulted in an injury that was the act's natural and probably consequence in light of the circumstances. *City of Indianapolis Housing Auth. v. Pippin*, 726 N.E.2d 341, 346 (Ind. Ct. App. 2000). Indeed, Indiana law on proximate causation allows for multiple concurrent causes, but any given cause must be determined to be a "substantial factor." *Orth Pharmaceutical Corp. v. Chatman*, 388 N.E.2d 541, 555 (Ind. Ct. App. 1979); *Johnson v. Binder*, 369 N.E.2d 936, 940 (Ind. Ct. App. 1977). Thus, the jury can be presented whether the alleged design defect was the proximate cause of the Plaintiff's injuries. Defendant wanted to present seatbelt evidence "through the use of expert testimony, [to show] that Mr. Bourke did not sustain fatal injuries until his head hit the pavement." (Def.'s Resp., p. 2.) However, such an argument is not essential to the issue of causation; rather, it is an attempt to mitigate damages or place fault on Bourke, both of which are prohibited by statute. *Hopper v. Carey*, 716 N.E.2d 566, 573 (Ind. Ct. App. 1999).

Second, Defendant requests this Court admit evidence of seatbelt use and/or non-use so that it can assert the defense of misuse; specifically, Defendant claims Bourke's failure to use the seatbelt constitutes a misuse of the Ford Explorer under the Indiana Products

Liability Act.[1]  However, two recent decisions have held that under the Indiana Products Liability Law, the defense of misuse is not a complete defense, but rather is an element of comparative fault. *Chapman v. Maytag Corp.*, 197 F.3d 682 (7th Cir. 2002); *Barnard v. Saturn Corp.*, 790 N.E.2d 1023, 1030 (Ind. Ct. App. 2003), *trans. denied*.  Consequently, any evidence of seatbelt non-use to show Bourke's comparative fault would be barred by statute.  *See Berge v. Teter*, 808 N.E.2d 124, 132 (Ind. Ct. App. 2004); *see also Hopper*, 716 N.E.2d at 573.

At this point, Defendant has failed to come forward with admissible theory for the introduction of seatbelt evidence at trial.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion in Limine to Exclude Evidence of Seat Belt Use or Non-Use is **GRANTED**.

**DATED:  September 2, 2005**            /s/ **RUDY LOZANO, Judge**
                                                **United States District Court**

---

[1] In support thereof, Defendant cites to *Morgen v. Ford Motor Co.*, 797 N.E.2d 1146 (Ind. 2003).  The Indiana Supreme Court determined the jury should have been given a jury instruction on misuse because "when a manufacturer does not reasonably expect it, a plaintiff's failure to use available safety devices can constitute misuse in a crashworthiness case." *Id.* at 1149. *Morgen* is inapplicable in this case for at least two reasons.  First, Mr. Morgen was a rear seat occupant and, the Indiana statute generally precluding evidence of seatbelt use only applies to front seat occupants.  Thus, the statute which precludes evidence of Bourke's non-use of a seatbelt was not implicated in *Morgen*.  Second, *Morgan*, and all of Defendant's cited cases, was decided in the context of a crashworthiness case, which, as explained above, is inapplicable to the case at hand.