IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ANNA BOURKE, Individually and as    )
personal representative of the      )
Estate of RICHARD M. BOURKE,        )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )   NO. 2:03-CV-136
                                    )
FORD MOTOR COMPANY,                 )
                                    )
Defendant.                          )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine to Exclude all References to and Evidence of Plaintiff's Remarriage, filed on November 27, 2006. For the reasons set forth below, this motion is **GRANTED**.

This case stems from an August 21, 2001, motor vehicle accident. On that date, Plaintiff, Anna Bourke, and her husband, Richard Bourke, were returning home from a trip to Washington D.C. As a result of the accident, Richard Bourke was ejected from the vehicle and died. Plaintiff has brought suit individually and on behalf of her husband's estate.

Plaintiff has filed the instant motion, anticipating that Defendant, Ford Motor Company, may attempt to introduce evidence at trial of her remarriage. It is Plaintiff's position that damages

arising from a wrongful death action, such as hers, are determined by the circumstances existing at the time of the wrongful death. Therefore, the fact that she remarried years after the death of her husband is irrelevant as it is not a fact that existed at the time of his alleged wrongful death.  While Ford agrees with Plaintiff's position as it relates to her claim of wrongful death, Ford argues that Plaintiff is seeking to recover damages for her own personal injuries and is also asserting a separate claim for loss of consortium.  To that end, Ford sets forth that Plaintiff's remarriage is relevant to both Plaintiff's personal injury and loss of consortium claims.  In reply, though, Plaintiff sets forth that "the only damages [she] seeks for loss of services or loss of consortium are those that are recoverable under the Wrongful Death Statute, IC 34-23 *et seq*." (Pl. Reply, p. 1).  It is apparent that the parties' fundamental disagreement centers around their misunderstanding of the claims asserted in this case, rather than differing interpretations of the law.

It has been conceded that Plaintiff does not have an independent claim for loss of consortium and her damages sought, as they relate to the death of Richard Bourke, are only those recoverable under Indiana's Wrongful Death Statute.  "The general rule in Indiana is that in a wrongful death action a right of action or an amount of recovery is not affected by the fact that the surviving spouse has remarried or contemplates remarriage." *City of Bloomington v. Holt*,

361 N.E.2d 1211, 1219 (Ind. App. Ct. 1977).  Ford has failed to set forth a palatable exception to the general rule at this time.  Thus, the instant motion is **GRANTED**.

**DATED:  December 22, 2006**          /s/RUDY LOZANO, Judge
                                       **United States District Court**