```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION


ANNA BOURKE, individually and as   )
personal representative of the     )
Estate of Richard Bourke,          )
                                   )
      Plaintiff,                   )
                                   )
vs.                                )    NO. 2:03-CV-136
                                   )
FORD MOTOR COMPANY,                )
                                   )
      Defendant.                   )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion in Limine to Exclude all References to and Evidence Regarding Federal Motor Vehicle Safety Standards, filed on January 2, 2007. For the reasons set forth below, this motion is **GRANTED**.

BACKGROUND

This case stems from an August 21, 2001, motor vehicle accident. On that date, Plaintiff, Anna Bourke, and her husband, Richard Bourke, were returning home from a trip to Washington D.C. As a result of the accident, Mr. Bourke was ejected from the vehicle and died. Plaintiff has brought suit individually and on behalf of her husband's Estate.

At issue in this case is whether the 2000 Ford Explorer involved in the above-mentioned accident lacked adequate rollover

resistance. Plaintiff has filed the instant motion, anticipating that Defendant, Ford Motor Company, may attempt to introduce evidence that the 2000 Ford Explorer met various Federal Motor Vehicle Safety Standards ("FMVSS") unrelated to the vehicle's "rollover resistance." The presentation of such evidence, Plaintiff contends, is irrelevant and prejudicial. Conversely, Ford sets forth that, while there is no FMVSS specifically governing the 2000 Ford Explorer's "rollover resistance," it is nevertheless permitted to introduce evidence of the subject vehicle's compliance with other FMVSS' to obtain a presumption that the Ford Explorer is not defective pursuant to section 34-20-5-1 of the Indiana Code.

DISCUSSION

Indiana Code section 34-20-5-1 provides:

> In a product liability action, there is a rebuttable presumption that the product that caused the physical harm was not defective and that the manufacturer or seller of the product was not negligent if, before the sale by the manufacturer, the product:
>
> (1) was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, and labeled; or
>
> (2) complied with the applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by Indiana, or by an agency of the United States or Indiana.

At issue here is the meaning of the term "applicable" in subsection (2).  Plaintiff contends that for Ford to obtain the presumption contained in section 34-20-5-1, Ford must show that the 2000 Ford Explorer complied with a specific standard or regulation regarding rollover resistance.  Ford, on the other hand, reads the term "applicable" with much wider latitude.  It claims that, even if there is no standard or regulation covering the Explorer's rollover resistance, it is entitled to the aforementioned presumption if the Explorer complied with the other FMVSS' in effect at the time.

When interpreting a statute, such as here, the Court is to look at the express language of the statute and the rules of statutory construction. *Denney v. State*, 773 N.E.2d 300, 301 (Ind. Ct. App. 2002).  When a statute is clear and unambiguous on its face, that statute is to be given its plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself.  Id. at 301-302.  The term "applicable" is common and its usage in this statute is clear and unambiguous.  Applicable is defined as "[f]it, suitable, pertinent, related to, or appropriate; capable of being applied."  BLACK'S LAW DICTIONARY 98 (6TH ed. 1990).  Surely, not all FMVSS' are "applicable" to the alleged defect at issue here (i.e., rollover resistance). See e.g., Uxa v. Marconi, 128 S.W.3d 121, 130-31 (Mo. Ct. App. 2003)(noting that a FMVSS not requiring side impact collision is irrelevant to the issue of whether a car seat was defective in a side impact

collision).  Surely, the fact that the Ford Explorer may have complied with a FMVSS regarding roof strength[1], for example, does little, if anything, to shed light on the adequacy of the Ford Explorer's rollover resistance system.  Thus, Ford's expanded reading of this statute is untenable.  Instead, the plain meaning of the word "applicable," requires Ford to establish that it complied with a specific standard or regulation regarding rollover resistance in order to be entitled to the rebuttable presumption.

A look at Indiana case law precedent supports this Court's conclusion.  In *Cansler v. Mills*, 765 N.E.2d 698 (Ind. Ct. App. 2002), *overruled on other grounds by Schultz v. Ford Motor Co.*, 857 N.E.2d 977 (Ind. 2006), a motorist was involved in an accident and his air bag never deployed.  He alleged a claim for product liability against General Motors due to the failure of his vehicle's air bag to inflate at the time of the accident.  General Motors set forth that it was entitled to a presumption that the vehicle was not defective because it complied with FMVSS 208, the safety standard that related to standards for occupant crash protection.  The court of appeals found that, "[t]he designated evidence demonstrates that the Corvette's air bag complied with the applicable United States government standards found in FMVSS 208. Establishing that the 1994 Corvette met the FMVSS 208 standards created the rebuttable presumption that the Corvette's air bag was not defective." *Id.* at 705.

---

[1] The FMVSS at issue in *Schultz*, infra.

In *Schultz*, 857 N.E.2d at 977, a vehicle owner was involved in a motor vehicle accident that resulted in his vehicle rolling over. Because of the vehicle's roof collapsing during rollover, he suffered injuries and brought a product liability suit against Ford.  Ford submitted evidence of the vehicle's compliance with FMVSS 216, the applicable federal roof strength standard.  Because the vehicle complied with FMVSS 216 Ford was entitled to a rebuttable presumption that the vehicle's roof was not defective. *Id.*

Both *Cansler* and *Schultz*, read in conjunction with section 34-20-5-1, reinforce this Court's conclusion that a manufacturer, such as Ford, must show compliance with a specific and related FMVSS to be entitled to the rebuttable presumption.  Here, "Ford acknowledges that there is no federal standard for 'rollover resistance' . . .." (Ford. Opp. p. 3).  Ford has failed to cite to any case law that would allow it to take advantage of the rebuttable presumption in this case under these circumstances. Because there is no federal (or other) standard for rollover resistance, Ford cannot show compliance with any such standard. Therefore, Ford is not entitled to the rebuttable presumption contained in section 34-20-5-1.  As such, the Court finds any evidence regarding the 2000 Ford Explorer's compliance with codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by Indiana, or by an agency of the United States or Indiana, unrelated to "rollover

resistance" is irrelevant under Rule 402 of the Federal Rules of Evidence.  Even if the Court found such evidence to have any relevance, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury, pursuant to Rule 403 of the Federal Rules of Evidence.

CONCLUSION

For the reasons set forth above, this motion is **GRANTED**.

**DATED:  January 8, 2007**              **/s/RUDY LOZANO, Judge**
                                          **United States District Court**