IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANNA BOURKE, as personal           )
representative of the              )
Estate of RICHARD M. BOURKE,       )
                                   )
Plaintiff,                         )
                                   )
vs.                                )   NO. 2:03-CV-136
                                   )
FORD MOTOR COMPANY,                )
                                   )
Defendant.                         )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for a New Trial Pursuant to Fed. R. Civ. P. 59, filed on January 29, 2007. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

Plaintiff, Anna Bourke, as personal representative of the Estate of Richard M. Bourke, brought a product liability claim against Defendant, Ford Motor Company, stemming from an August 21, 2001, motor vehicle accident. Plaintiff alleged there was a design defect in the 2000 Ford Explorer that was involved in the motor vehicle accident; specifically that it had inadequate rollover resistance. On the last day of trial, the Court charged the jury with the Court's instructions of law. Among others, the Court

1

charged the jury with Instructions 26A and 26B.  Instruction 26A provided:

> Ford Motor Company has alleged that the 2000 Ford Explorer was manufactured in conformity with the state of the art. Ford has the burden of proving this allegation.
> If you find that Ford Motor Company has proved by a preponderance of the evidence that before the 2000 Ford Explorer was sold by them, the product:
>
>> was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled;
>
> then you may presume that the 2000 Ford Explorer was not defective and Ford Motor Company is not negligent and find for them.
> However, if Plaintiff has introduced evidence tending to disprove this proposition then you may, but are not required to, find that the 2000 Ford Explorer was defective.

Instruction 26B provided:

> The term "state of the art" is defined as the best technology reasonably feasible at the time the product was designed, manufactured, packaged and labeled.
> Whether a product was manufactured in conformity with the generally recognized state of the art you may consider: evidence of the existing level of technology, industry standards, the lack of other advanced technology and the product's safety record at the time the product was designed, manufactured, packaged and labeled.

After deliberations, the jury returned a verdict in favor of Defendant and against Plaintiff.  Plaintiff has filed the instant

motion requesting a new trial based upon this Court's giving Instructions 26A and 26B. Plaintiff complains that there was insufficient evidence to warrant the giving of these instructions because no testimony at trial labeled the 2000 Ford Explorer as "state of the art" per se. Regarding Instruction 26B, Plaintiff also asserts that this instruction was in error as it failed to adequately distinguish between "state of the art" and industry custom.

DISCUSSION

    Rule 59 of the Federal Rules of Civil Procedure provides that in any action where there has been a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59's language has been interpreted to mean that a district court may grant a new trial only if the jury's verdict was against the manifest weight of the evidence, or a new trial is necessary to prevent a miscarriage of justice. *Romero v. Cincinnati, Inc.*, 171 F.3d 1091, 1096 (7th Cir. 1999); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995); *Sokol Crystal Products, Inc. v. DSC Communications Corp.*, 15 F.3d 1427, 1432 (7th Cir. 1994). Thus, in this Circuit:

> A new trial may be granted only if the verdict is against the clear weight of the evidence . . .. We will not set aside a jury verdict if a reasonable basis exists in the record to

3

>        support that verdict.  The evidence must be
>        viewed in the light most favorable to the
>        prevailing party and issues of credibility and
>        weight of evidence are within the purview of
>        the jury.

*Carter v. Chicago Police Officers*, 165 F.3d 1071, 1079 (7th Cir. 199)(citations omitted).

As set forth above, Plaintiff requests a new trial based on the instructions tendered to the jury.  "In order to receive a new trial based on erroneous instructions, a [party] must show both that the instructions did not adequately state the law and that the error was prejudicial . . . because the jury was likely to be confused or misled."  *United States v. Murphy*, 469 F.3d 1130, 1137 (7th Cir. 2006); *Lalvani v. Cook County*, 396 F.3d 911, 914 (7th Cir. 2005).  When assessing whether prejudice has resulted, the Court is to consider the instructions as a whole, along with all the evidence and arguments in the case, and then decide whether the jury was misinformed about the applicable law.  *United States v. White*, 443 F.3d 582, 687-88 (7th Cir. 2006).

### Instructions 26A and 26B Were Correct Statements of Law

Plaintiff concedes that Instruction 26A is a correct recapitulation of the law.  (Pl. Motion, p. 3).  As such, it is hard to conceive how the giving of such an instruction, in and of itself, could possibly warrant a new trial.  See e.g. *Boyd v. Illinois State Police*, 384 F.3d 888, 894 (7th Cir. 2004)(explaining

4

that to win a new trial based upon an erroneous jury instruction, the party must show that the instructions did not adequately state the law and that the error was prejudicial).

Unlike her stance on Instruction 26A, Plaintiff seemingly believes Instruction 26B was not a correct statement of law, arguing that it failed to adequately distinguish between "state of the art" technology and industry custom. The Court finds no merit in this argument. Instruction 26B was materially identical to the instruction reviewed and approved in *Indianapolis Athletic Club, Inc. v. Alco Standard Corp.*, 709 N.E.2d 1070, 1074 (Ind. Ct. App. 1999). Instruction 26B informed the jury that the term "state of the art" is defined as the best technology reasonably feasible at the time the product was designed, manufactured, packaged and labeled. That instruction went on to explain that whether a product was manufactured in conformity with the generally recognized state of the art, the jury could consider: (1) evidence of the existing level of technology; (2) industry standards; (3) the lack of other advanced technology; and (4) the product's safety record at the time the product was designed, manufactured, packaged and labeled. The court of appeals in *Indianapolis Athletic Club* faced an identical challenge as Plaintiff proposes here. In response, the court of appeals dismissed such a challenge and noted that "[i]ndustry standards were mentioned as one of four factors that the jury could consider in deciding whether [the manufacturer]

5

used the best technology reasonably feasible, but were not presented as the definition as state of the art." Id. at 1075. As such, the instruction was not in error.  Id.

This Court adopts the reasoning employed by the court of appeals in *Indianapolis Athletic Club* and finds that Instruction 26B adequately distinguished industry standard and state of the art; industry standard was merely a factor the jury could consider in determining whether a product was "state of the art."  As both Instructions 26A and 26B are correct statements of law, their being given to the jury is not a basis for a new trial.  See e.g. *Boyd*, 384 F.3d at 894 (7th Cir. 2004)(explaining that to win a new trial based upon an erroneous jury instruction, the party must show that the instructions did not adequately state the law and that the error was prejudicial).

<u>Jury Verdict Not Against Manifest Weight of Evidence</u>

Finding that both Instructions 26A and 26B contain correct statements of law, this leaves Plaintiff's contention that there was insufficient evidence presented at trial to support the giving of Instructions 26A and 26B.  In essence, this inquiry contends that the jury's verdict was against the manifest weight of the evidence.  To satisfy this standard, Plaintiff must demonstrate that no rational jury could have rendered a verdict against her. *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006).

Plaintiff's position is largely predicated on the fact that she believes there was no testimony presented at trial wherein the 2000 Ford Explorer's rollover resistance system was labeled as "state of the art" per se.  (Pl. Motion, p. 4; Weisman Aff. ¶¶ 2-3)("Plaintiff is aware of only two references to 'state of the art' technology [in the record], neither of which established that the product, the 2000 Ford Explorer was 'state of the art.'").  Without such evidence in the record, Plaintiff claims, the giving of Instructions 26A and 26B was in error and prejudicial.  As a threshold matter, this Court is unconvinced that no such "state of the art" testimony was elicited.[1]  Despite that, however, whether or not the phrase "state of the art" - with respect to the 2000 Ford Explorer- was brought out during the trial is inconsequential.

To be entitled to Instructions 26A and 26B, Defendant was not required to elicit testimony that its Ford Explorer at issue as "state of the art" per se.  There is nothing inherently significant about that phrase.  Instead, Ford needed to present evidence that

---

[1] Rather than going through the record on his own for evidence of specific references to "state of the art" technology, Mr. Weisman instead "had a number of conversations with Ms. Churchill and, at [his] request searched the entirety of Donald Tandy's testimony for additional references to or testimony about 'state of the art.'"  (Aff. Weisman ¶ 3).  Mr. Weisman's request of and reliance upon the court reporter's search of "state of the art" is inappropriate.  The proper procedure would be to obtain a copy of the necessary transcripts, review the record, and make arguments accordingly.  If the transcripts were not yet available, (Aff. Weisman ¶ 4), Plaintiff should have requested a continuance to file this motion until a time after the transcripts were available.

would allow a reasonable juror to find that its 2000 Ford Explorer's rollover resistance used the best technology reasonably feasible.  See *Indianapolis Athletic Club*, 709 N.E.2d at 1075.  To do this, Defendant was required to present evidence of the existing level of technology, industry standards, the lack of other advanced technology and the product's safety record at the time the 2000 Ford Explorer was designed and manufactured.  *Indianapolis Athletic Club,* 709 N.E.2d at 1075 (Ind. Ct. App. 1999)(noting factors that constitute state of the art).  Both sides presented evidence regarding the then-existing state of the technology and scientific knowledge with respect to the design, development and testing of the 2000 Ford Explorer and its rollover resistance.  As such, this Court finds that a reasonable juror could find that the 2000 Ford Explorer's rollover resistance was "state of the art."

   It must be noted that Plaintiff's argument for a new trial is premised on viewing Instructions 26A and 26B in isolation.  This is far too narrow of a view.  In determining whether any prejudice resulted from the inclusion of Instructions 26A and 26B, the Court is to consider the instructions as a whole, along with all of the evidence and arguments in the case.  *White*, 443 F.3d at 687-88.  Considering the instructions as a whole, along with all of the evidence and arguments, solidifies this Court's position that a rational jury could have rendered a verdict for Defendant and against Plaintiff.  Ford presented ample evidence that could lead

a rational jury to find in its favor on Plaintiff's product liability claim. As such, there is no reason for the Court to grant a new trial pursuant to Rule 59.

CONCLUSION

    For the reasons set forth below, Plaintiff's motion is **DENIED**.

**DATED:  March 5, 2007**                     **/s/RUDY LOZANO, Judge**
                                              **United States District Court**